JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Wayne Fawley

**(b)** County of Residence of First Listed Plaintiff: **Delaware County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph S. Oxman, 1518 Walnut St., Suite 1010, Phila. PA 19102 (215) 665-9999

## DEFENDANTS

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | | | | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S. C.A. Section 1983

Brief description of cause:
1983 Civil Rights Case

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 6-30-22

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1072 Belmont Avenue, Garnet Valley, Pennsylvania 19060__

Address of Defendant: __Upper Chichester Police Department, 8400 Furey Road, Aston, PA 19014__

Place of Accident, Incident or Transaction: __Chichester Baseball Field Parking Lot, Chichester, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   207956
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*
                          Must sign here

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Joseph S. Oxman__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __6-30-22__   _____   207956
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Wayne Fawley | : CIVIL ACTION |
| vs. | : |
| Officers Daniel Clapp, Kevin Connelly, E. Brinkman and | : No. |
| J. Mark and Unknown Officers and Upper Chichester | : |
| Township | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 6-30-22 | Joseph S. Oxman, Esquire | Wayne Fawley |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 665-9999 | (215) 569-8811 | oxmanj@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

OXMAN, GOODSTADT, & KURITZ
BY: **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
1518 Walnut Street, Suite 1010
Philadelphia, PA 19102
(215) 665-9999
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE FAWLEY<br>1072 Belmont Avenue<br>Garnet Valley, PA. 19060<br>　　　　　　　　Plaintiff,<br>vs.<br><br>**OFFICERS DANIEL CLAPP, KEVIN CONNELLY, E. BRINKMAN and J. MARK AND UNKNOWN OFFICERS**<br>Upper Chichester Police Department<br>8400 Furey Road<br>Aston, PA 19014<br><br>and<br><br>**UPPER CHICHESTER TOWNSHIP**<br>8500 Furey Road<br>Aston, PA 19014<br>　　　　　　　　Defendants. | **CIVIL ACTION NO.**<br><br>**District Judge**<br><br>**COMPLAINT FOR VIOLATIONS OF THE 4TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, EXCESSIVE FORCE, ASSAULT, BATTERY, FAILURE TO TRAIN AND SUPERVISE UNDER MONELL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff, Wayne Fawley, by way of Complaint against defendants says:

## **PARTIES**

1. Plaintiff, Wayne Fawley, is an adult individual and citizen of the State of Pennsylvania, residing in Garnet Valley.

2. Defendant, Upper Chichester Township, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, with a principal place of business located at 8500 Furey Road, Aston, PA. 19014.

3. Defendant Officers Daniel Clapp, Kevin Connelly, E. Brinkman, J. Mark and Unknown Officers were at all times relevant employees of the defendant, Upper Chichester Township. At all times herein mentioned, defendant Officers Daniel Clapp, Kevin Connelly, E. Brinkman, J. Mark and Unknown Officers, were acting under the color of law and their individual capacity as police officers of the defendant, Upper Chichester Township.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983.

5. Plaintiff was deprived of his rights secured to him under the Constitution and the laws of the United States including, but not limited to, his right to be secure in his person and property and be free from unlawful assault, battery and excessive force when no probable cause exists.

6. Plaintiff suffered assaults and sustained severe and permanent injuries to his person.

7. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiff's claims arising under State law, including but not limited to violations of his State rights against defendants for, excessive force, assault, battery and intentional infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

9. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

10. On or about July 17, 2020 at approximately 8:30pm, plaintiff was in a single vehicle car accident when his vehicle had a mishap with the front passenger wheel which caused plaintiff's truck to collide with the side of the Chichester Avenue Bridge at Kingsman Road.

11. After plaintiff checked his vehicle, plaintiff attempted to drive his vehicle home when he noticed smoke coming out of the hood.

12. Plaintiff pulled his vehicle into a baseball field parking lot after he realized several Chichester Police vehicles were behind him.

13. Plaintiff then exited his vehicle with his hands in the air, then without warning or justification, defendant officers grabbed the plaintiff, put him in an illegal choke hold and assaulted/battered the plaintiff by slamming plaintiff to the ground and kicking him in the head.

14. As a result of the defendants' illegal assault, battery and excessive force of the plaintiff, Wayne Fawley suffered a ruptured spleen, broken dentures, and injuries to his right shoulder.

## COUNT I
## PLAINTIFF WAYNE FAWLEY vs. DEFENDANT OFFICERS DANIEL CLAPP, KEVIN CONNELLY, E. BRINKMAN, J. MARK AND UNKOWN OFFICERS
## THE RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS UNDER THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION
## FOR EXCESSIVE FORCE, UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT

15. The allegations contained above are incorporated herein as though fully set forth.

16. The above described actions of defendants' on July 17, 2020, constitute violations of plaintiff's constitutionally protected rights to be secure in his person as provided by the 4th Amendment of the United States Constitution.

17. The assault and battery of plaintiff, by defendants was carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal excessive force of plaintiff.

18. The assault and battery of plaintiff by defendants violated his rights under the United States Constitution and the Laws of the State of Pennsylvania.

19. The actions of defendants as police officers were committed under color of law and authority of defendant Upper Chichester Township and its police department, and while acting in their individual capacity as police officers.

20. The actions or inactions of the defendant police officers recklessly disregarded and therefore deprived plaintiff of his rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983, including but not limited to the right to be secure in their person, to be free from unlawful excessive use of force.

**COUNT II**
**PLAINTIFF WAYNE FAWLEY vs. UPPER CHICHESTER TOWNSHIP**
**FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE DEFENDANT OFFICERS**
**DANIEL CLAPP, KEVIN CONNELLY, E. BRINKMAN, J. MARK AND UNKOWN**
**OFFICERS UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT AND "MONELL"**

21. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

22. Defendant, Upper Chichester Township and its police department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officers

Clapp, Connelly, Brinkman, Mark and Unknown Officers who have violated the rights of citizens by illegally assaulting citizens without warrant or justification, including the plaintiffs, thus encouraging defendants officers Clapp, Connelly, Brinkman, Mark and Unknown Officers in this case to engage in assaulting citizens Upper Chichester Township.

23. Defendant, Upper Chichester Township and its police department as a further matter of policy and practice failed to train properly its police officers Clapp, Connelly, Brinkman, Mark and Unknown Officers, with respect to the constitutional, statutory and departmental limits of their authority including refraining from assaulting and illegally arresting citizens of Upper Chichester Township.

24. The defendant, Upper Chichester Township and its Police Department were on actual notice of a need to train, supervise, discipline or terminate defendant officers Clapp, Connelly, Brinkman, Mark and Unknown Officers, prior to the incident in question, as other similar incidents of assaulting and illegally arresting citizens have occurred in the past.

### COUNT III
### PLAINTIFF WAYNE FAWLEY vs. DEFENDANT OFFICERS DANIEL CLAPP, KEVIN CONNELLY, E. BRINKMAN, J. MARK AND UNKOWN OFFICERS
### ASSAULT AND BATTERY

**25.** The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

26. The above described illegal grapping, throwing, kicking and slamming to the sidewalk, constitutes an assault and battery by defendants, as a result of which plaintiff was physically injured as well as sustaining severe and significant emotional distress.

## COUNT IV
## PLAINTIFF WAYNE FAWLEY vs. DEFENDANT OFFICERS DANIEL CLAPP, KEVIN CONNELLY, E. BRINKMAN, J. MARK AND UNKOWN OFFICERS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. The allegations contained above are incorporated herein as though fully set forth.

28. The above described illegal assault and battery by defendants caused plaintiff to be injured and sustained severe and significant emotional distress, including but not limited to, loss of sleep, loss of appetite, depression, inability to perform daily activities of work and life.

## PLAINTIFF WAYNE FAWLEY vs. DEFENDANT OFFICERS DANIEL CLAPP, KEVIN CONNELLY, E. BRINKMAN, J. MARK, UNKOWN OFFICERS and UPPER CHICHESTER TOWNSHIP
## DAMAGES

29. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

30. As a direct and proximate result of the defendants' conduct, plaintiff suffered physical pain and suffering in the past and future, severe mental anguish in the past and future and was deprived of his Constitutional Rights as aforementioned, and as such will suffer economic damages and was otherwise damaged.

31. The plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

32. It was necessary for plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## **PRAYER**

33. The above paragraphs are repeated and incorporate herein by reference as if set forth in full.

34. Plaintiff demands judgment against defendant officers Clapp, Connelly, Brinkman, Mark and Unknown Officers individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

35. Plaintiff demands judgment against defendant, Upper Chichester Township, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

36. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

/s/ JOSEPH OXMAN, ESQUIRE
Attorney for Plaintiff

## **VERIFICATION**

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

*/s/ Wm. W. Fawce*
PLAINTIFF